[Cite as *Hicks v. Union Twp., Clermont Cty. Trustees*, 2022-Ohio-2663.]

| | |
|---|---|
| CHRISTOPHER RICHARD HICKS | Case No. 2022-00024PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| UNION TOWNSHIP, CLERMONT COUNTY, TRUSTEES | |
| Respondent | |

{¶1} Respondent Union Township, Clermont County, Trustees (Township) objects to a Report and Recommendation in this public-records case. The Court overrules the Township's objections for reasons set forth below.

## I. Background

{¶2} On January 11, 2022, Requester Christopher Richard Hicks filed a Complaint against the Township. In the Complaint, Hicks states,

On December 23, and 31, 2021, I made a record request pertaining to a December 17, 2021 meeting that involved two elected officials (Trustee Logue & Fiscal Officer Campbell), two officials-elect (Dills and Becker) and others. The township maintains it was not subject to the Open Meetings Act (which I am not disputing here). Within almost 200 pages provided, some were redacted asserting "attorney-client privilege" or "confidential information" I asked, and was denied, unredacted versions of five documents. I am filing this case over four documents. They are as follows: * * *.

Exhibit 1: A note from Logue to Cory Wright (administrator) that contains other streams. It starts with information from Becker for which there is no privilege. The bottom of page 1 is an email from Logue to Becker and Dills. The sharing was not from the law director, not pertaining to an executive

session, was not Logue asking for or receiving legal advice. Any privilege was waived. The entirety of Exhibit 1 should be provided unredacted.

Exhibit 2: An email from Logue to Wright that redacts Logue's comments. They do not seem privileged and simply copying the law director, Barbiere, does not make Logue's comment privileged. The entirety of Exhibit 2 should be provided without redaction.

Exhibit 3: An email from Logue to Wright. Logue is not asking for or receiving legal advice. Copying the law director does not make the material privileged. The entirety of Exhibit 3 should be provided without redaction.

Exhibit 4: A document from the Police Chief that was used in the December 17 meeting and is addressed only to Wright. The entirety of Exhibit 4 should be provided without redaction other than actual redactable information (ex: social security number). I received a denial to get unredacted copies of this information on January 3, 2022 and January 4, 2022. One easy step for the court would be to perform an in camera inspection of the documents in question. Note: If the material was privileged (protected by the Public Records Act), then I will contend, in a different court, that the meeting was subject to the Open Meetings Act.

{¶3} The Court appointed a Special Master who referred the case for mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the docket of the Special Master.  The Township moved to dismiss Hicks's Complaint.

{¶4} On April 21, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master finds that none of the defenses raised in the Township's Motion To Dismiss is conclusively shown on the face of the Complaint. (R&R, 3.) The Special Master therefore recommends denying the Township's Motion To Dismiss.

(R&R, 3.)    The Special Master makes several findings in the Report and Recommendation.[1]  The Special Master recommends that

> the court order respondent to produce unredacted copies of requester's Exhibits 1 through 3 and disclose all information in Exhibit 4 other than the first names of the officer's immediate family. The special master recommends the court deny requester's claim for production of the information redacted from respondent's Trustee Conflicts of Interest memorandum. It is recommended costs be assessed to respondent.

---

[1]    The Special Master finds that

the Township redacted 1) Logue's forwarding note to Wright and the law director in the December 23, 2021, email, 2) an observational comment from John Becker to Logue and Joe Dills in a November 19, 2021, 7:14 PM email, 3) Logue's forwarding of the law director's legal opinion to Dills and Becker in a November 19, 2021, 10:13 AM email, 4) thanks and pleasantries sent by Logue to the law director in a November 19, 2021, 10:11 AM email, 5) a legal opinion and future scheduling information provided by the law director to Logue in a November 16, 2021 email, 6) pleasantries sent by Logue to the law director in a November 15, 2021 email, 7) scheduling information provided by the law director to trustee Logue in a November 14, 2021 10:47 PM email, and 8) a request for legal advice sent by Logue to the law director in a November 14, 2021 10:04 PM email.

(R&R, 6.)  The special master further "finds that the emails numbered 1) through 4), 6), and 7) do not relate substantively to legal advice sought from or provided by the law director. This finding is consistent with the Township's proper disclosure of the email header information that likewise reflects the fact of privileged communication but not its substance."  (R&R, 7.)   The Special Master also "finds that the content of email 5), with the exception of the last sentence, and the content of email 7) constitute confidential attorney-client communication."  (R&R, 7-8.)  The Special Master states: "The last sentence in email 5) merely offers the law director's availability to respond to questions and does not fall squarely within the exemption."  (R&R, 8.)  And the Special Master "finds the Township has not met its burden to show that the records in numbered emails 2) through 8) were kept 'confidential.'"  (R&R, 9.)  And on review of Exhibit 4 in camera, the Special Master "finds that only four words within the two redacted paragraphs fall squarely within the exemption." (R&R, 13.)

With respect to a Conflict-of-Interest Memorandum, the Special Master "finds that the memorandum in its entirety constitutes legal advice sought from the Township's legal adviser in his capacity as such." (R&R, 14.)  The Special Master states, "The advice was communicated in confidence and there is no evidence of its disclosure to any unnecessary third party."  (R&R, 14.)

(R&R, 14.)

{¶5} On April 29, 2022, the Township filed written objections to the Special Master's R&R. According to a Certificate of Service accompanying the objections, the Township, through counsel, served a copy of the Township's objections on Hicks "via electronic mail." On May 2, 2022, Hicks filed a response to the Township's objections. According to a Certificate of Service accompanying the response, Hicks served a copy of his response on the Township's counsel "via electronic mail."

## II.    Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a report and recommendation issued pursuant to the special proceeding established in R.C. 2743.75. *See generally Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[t]he enactment of R.C. 2743.75 created an alternative means to resolve public-records dispute"). Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶7} Here, both the Township's written objections and Hicks's written response to the objections are procedurally deficient because the Township served its objections "via electronic mail" and Hicks served his response "via electronic mail," instead of by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

{¶8} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the

objection."  The Township advises that it disagrees with some of the Special Master's findings, but in the interest of judicial economy certain information has been forwarded to Hicks.  The Township states, "The only objection which Respondent is raising with respect to the Report and Recommendation is the request for the personal information of Chief Gaviglia. That is the only requested information which has not been produced."

{¶9} The Township maintains that the information regarding Chief Gaviglia is personal, exempt from disclosure and protected by the right to privacy.  And the Township maintains that the personal information about Chief Gaviglia is not a public record under R.C. 149.011(G) because the information was not "created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions which serve to document the organization, function, policies, decisions, procedures, operations, or other activities of the office."

{¶10} In its objections the Township does identify which document, or documents about Chief Gaviglia, or the portions of a document, or documents about Chief Gaviglia, that it finds objectionable.  The Township, however, appears to refer to Exhibit 4—an unredacted copy of which was filed under seal.  While the Township seems to urge that Exhibit 4 is not a "record," as defined in R.C. 149.011(G), the Township does not clarify in its objections what Exhibit 4 purports to be instead of a record. Notably, according to Hick's Complaint, Exhibit 4 was used in a meeting held by the Township on December 17, 2021.

{¶11} Upon review, the Court finds that in the Report and Recommendation the Special Master has properly applied statutory law and case law as they existed at the time of the filing of the Complaint.  The Court further finds that the Township's objections lack merit.

## III.    Conclusion

{¶12} The Court OVERRULES the Township's objections.  The Court adopts the Special Master's Report and Recommendation.  In accordance with the Special Master's

recommendation, the Court denies the Township's Motion To Dismiss. The Court ORDERS the Township to forthwith produce unredacted copies of Requester's Exhibits 1 through 3 and disclose all information in Exhibit 4 other than the first names of Chief Gaviglia's immediate family. The Court denies Requester's claim for production of the information redacted from the Township's Trustee Conflicts of Interest memorandum. Hicks is entitled to recover from the Township the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Hicks, but Hicks is not entitled to recover attorney fees. Court costs are assessed to the Township. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed May 4, 2022**
**Sent to S.C. Reporter 8/4/22**